**IN THE UNITED STATES DISTRICT COURT FOR**

**THE WESTERN DISTRICT OF OKLAHOMA**

GAUTHIER KAMBANDA,                    )
                                       )
    Petitioner,                        )
                                       )   **Case No. CIV-26-552-SLP**
v.                                     )
                                       )
SCARLET GRANT, et al.,                 )
                                       )
    Respondents.                       )

**REPORT AND RECOMMENDATION**

Petitioner, Gauthier Kambanda, a non-citizen proceeding *pro se*, filed a petition for a writ of habeas corpus ("Petition") under 28 U.S.C. § 2241 challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1] (Doc. 1).[2] Chief United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Docs. 5, 9). In accordance with the expedited briefing schedule and subsequent extension, (Docs. 10, 14), Respondents timely filed a response to the Petition. (Doc. 15). After filing their response, Respondents filed a notice advising that Petitioner was removed from the United States on May 19, 2026. (Doc. 16). As set forth fully below, the undersigned recommends that the

---

[1] Petitioner initially filed the Petition in the United States District Court for the Northern District of Oklahoma, and the matter was transferred to this Court on March 19, 2026. (Doc. 2).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

Court **DISMISS** the Petition as **moot** because Petitioner is no longer in ICE custody and this Court can grant no relief to him.

## I.    Background

Petitioner asserts he was arrested and detained on June 4, 2025.  (Doc. 1, at 7). When he filed the Petition on March 13, 2026, Petitioner was detained at Cimmaron Correctional Facility in Cushing, Oklahoma.  (*Id.* at 1).  Petitioner complains that the length of his detention violated the Fifth Amendment, the Immigration and Nationality Act and its regulations, and the Administrative Procedures Act.  (*Id.* at 7-8).  He asked that the court order his immediate release on an order of supervision.  (*Id.* at 8).

On May 11, 2026, Respondents filed a notice stating that ICE advised it intended to remove Petitioner at some point after 72 hours elapsed from filing the notice.  (Doc. 12, at 1).  On May 15, 2026, Respondents filed a response arguing that the petition should be denied on the merits.  (Doc. 15).  And on May 26, 2026, Respondents filed a second notice, stating Petitioner was removed to the Democratic Republic of Congo on May 19, 2026. (Doc. 16, at 1).  In the notice, Respondents argue that "Petitioner's request for relief is now moot and should be dismissed.  (*Id.*)

## II.    Analysis

The Court had jurisdiction over this matter when it was initially filed.  *See Chan v. Bondi*, No. CIV-25-1412-JD, ECF No. 20, at *1 (W.D. Okla. Dec. 29, 2025) (finding the "in custody" requirement under 28 U.S.C. § 2241(c)(3) "is satisfied if a petitioner files the habeas petition while incarcerated") (citing *King v. Ciolli*, 2024 WL 1179909, at *2 (10th Cir. Mar. 19, 2024)).  Further, the Petition was properly transferred to this district due to

2

his detention here at the time of filing.  *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000).  "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).  But here, "the more substantial question . . . is whether petitioner's subsequent [removal] caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  The answer is yes.

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'"  *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).  Thus, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-478 (1990)).  So a case is "moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

Petitioner has been removed to the Democratic Republic of Congo and is no longer in ICE custody.  "Once Respondents released [him] from their custody, he no longer had a redressable injury arising from his detention." *Chan*, ECF No. 20, at *3 (Dec. 29, 2025); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (holding no "secondary or collateral consequences survive[d] [the petitioner's] deportation" and that an inability to return to the United States "stem[med] from his removal order, not his detention").  Thus,

this action should be dismissed as moot.  *See Chan*, ECF No. 20, at *3 (Dec. 29, 2025) (dismissing the habeas petition as moot).

### III.    Recommendation and Notice of Right to Object

For the reasons discussed above, the Court recommends that the Court **DISMISS** the Petition, (Doc. 1), as **moot** because Petitioner has been removed to the Democratic Republic of Congo and is no longer in ICE custody.

**The court advises the parties of their right to object to this Report and Recommendation by June 11, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 28th day of May, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

4